IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


THOMAS J. LEMENS,

    Plaintiff,

v.

CITY OF PENDLETON, CLINT CRANE,
WAYNE M. MCLEOD, and BETHPAGE
MISSION PACIFIC, INC.,

    Defendants.

Civil No. 04-1702-HA

OPINION
AND ORDER

_____

Harold S. Shepherd
17 S.W. Frazer, Suite 210
Pendleton, Oregon 97801
    Attorney for Plaintiff

Gerald L. Warren
1212 Court Street NE
Salem, Oregon 97301
    Attorney for Defendants


PAGE 1 - OPINION AND ORDER

HAGGERTY, Chief Judge:

Plaintiff filed this action on November 24, 2004, under 42 U.S.C. § 1983, alleging malicious prosecution, violations of due process, and negligence. On February 11, 2005, defendants City of Pendleton, Clint Crane, and Wayne McLeod filed this Motion for Summary Judgment. On March 18, 2005, the court granted plaintiff's Motion to Dismiss defendant Bethpage Mission Pacific, Inc. with prejudice.

## FACTUAL BACKGROUND

On March 12, 2004, plaintiff, his wife, and his daughter entered the Dairy Queen located at 1415 S.W. Court Avenue in Pendleton, Oregon. While plaintiff and his family were waiting in line, a male patron, Leroy Spino (Spino), was staggering near them and bumped into plaintiff's wife. Spino is a mentally disabled person and was at the Dairy Queen under the supervision of Susan Wilkins (Wilkins), a care giver.

At some point, Spino went to the ground and struck his head, causing him to bleed. A witness reported to Wilkins that plaintiff had forcibly pushed Spino to the ground. Wilkins approached plaintiff and asked for his identification. Plaintiff refused. Wilkins then wrote down the license plate of the vehicle that plaintiff drove to the Dairy Queen.

On March 15, 2004, an employee of the Umatilla County Mental Health Department reported the incident (hereinafter referred to as the "Dairy Queen incident") to the Pendleton Police Department.

The next day, Pendleton Police Officer Howard Bowen took initial witness statements but did not interview plaintiff. Defendant Pendleton Police Officer Clint Crane (Crane) then contacted plaintiff and told him that he wanted to speak to him regarding the

Dairy Queen incident. Plaintiff met with Crane on March 22, 2004, at which point he was charged with assault in the fourth degree. Crane issued plaintiff a citation to appear in the Pendleton Municipal Court and then released him. Crane filled out a police report and forwarded it, along with Officer Bowen's report, to defendant Wade McLeod (McLeod), a city prosecutor.

McLeod reviewed the reports and determined that based on the witness testimony there was probable cause to believe that plaintiff had committed an assault in the fourth degree upon Spino, a violation of O.R.S. 163.160.

In June 2004, plaintiff's wife attempted to contact McLeod, but he refused to speak to her. On June 20, 2004, plaintiff's wife sent a letter to McLeod explaining her version of the Dairy Queen incident. McLeod did not respond.

Trial began on July 7, 2004. The prosecution witnesses' testimony was consistent with the information contained in the police reports. The jury returned a verdict of "not guilty" on the charge.

## **STANDARDS**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party carries the initial burden of proof. The party meets this burden by identifying portions of the record on file that demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322-24 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

Once this initial burden is satisfied, the non-moving party must demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id.* The non-moving party may not, however, rely solely on the facts as alleged in the pleadings. *Schwarz v. United States*, 234 F.3d 428, 436 (9th Cir. 2000). Rather, it must come forward with "affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations and citation omitted).

## ANALYSIS

Plaintiff brings the following claims against defendants: (1) state law claims for malicious prosecution – Counts One, Two, and Three; (2) a claim under 42 U.S.C. § 1983 for malicious prosecution and violations of the Fourth Amendment – Count Four; (3) a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) – Count Five; and (4) negligence – Count Six. Plaintiff also asserted a negligence claim – Count Seven– against defendant Bethpage, who has been subsequently dismissed as a party. Accordingly, Count Seven is dismissed.

**1.    Plaintiff's Federal Claims for Substantive Due Process and Fourth Amendment Violations**

Count Four of plaintiff's Complaint asserts that defendant City of Pendleton (the City) "condoned the malicious prosecution of plaintiff and failed to discipline Crane and McLeod in a manner that was not [sic] objectively reasonable in light of the facts and circumstances confronting it." Plaintiff's Complaint at 14 (Pl.'s Compl.). Plaintiff alleges

that by its actions, the City, by way of a "statute, ordinance, regulation, custom, or usage, subjected plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution . . . ." *Id.* Count Five alleges that the City "has made or allowed numerous other similar incidents of malicious prosecution" and has "expressly encouraged or acquiesced in this unlawful behavior, and/or tacitly encouraged or acquiesced in it by failing to train, supervise, or discipline its officers and representatives . . . ." *Id.* at 15.

Local government bodies can be sued directly under 42 U.S.C. § 1983 for deprivations of constitutional rights, provided that the governing body implemented or executed a policy statement, ordinance, regulation, or decision that was officially adopted or promulgated by that body's officers. 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable . . . ."); *see also Monnell*, 436 U.S. at 690. It is sufficient if the governing body had a custom or practice that caused the alleged constitutional deprivations. *Id.* at 690-91. The municipality cannot be held liable, however, based solely on the theory that it employed a tortfeasor; *respondeat superior* does not apply to actions based on Section 1983. *Id.* at 691. An action against state officials acting solely in their official capacities is an action against the state, and the Eleventh Amendment bars such suits. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984).

To prevail on a claim of malicious prosecution under Section 1983, the plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause,

PAGE 5 - OPINION AND ORDER

and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

Plaintiff has failed to adduce any evidence that the City acted pursuant to a statute or regulation, or otherwise employed a custom, practice, or policy designed to deprive plaintiff of his constitutional rights. Plaintiff has also failed to show that the City prosecuted plaintiff with malice and without probable cause for the purpose of denying him any constitutional right. Plaintiff makes no allegations that the City exhibited any personal animosity or hostility toward plaintiff, or that the City treated plaintiff and his case differently than any other criminal prosecution.

In addition, plaintiff has failed to satisfy the requirement of a longstanding practice or custom; liability for an improper custom cannot be predicated on isolated or sporadic incidents. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Rather, liability "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* Plaintiff has provided no evidence that the City has made or allowed numerous other similar incidents of malicious prosecution. *See id.*

Furthermore, according to the Complaint, plaintiff appears to hold Crane and McLeod liable in their official capacities. To the extent that plaintiff does so, the Eleventh Amendment bars plaintiff's claim. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989) (recognizing that a suit against a state official in his or her official capacity is not a suit against the official, but is a suit against the official's office and Section 1983

was not intended to disregard the well-established immunity of a state from being sued without its consent).

To the extent that plaintiff asserts that defendants Crane and McLeod are liable as individuals for alleged violations of plaintiff's substantive due process and Fourth Amendment rights, plaintiff's claims still fail. Government officials are afforded qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (citation omitted). This immunity, however, is not absolute; qualified immunity shields only those actions that are taken pursuant to discretionary, as opposed to ministerial, functions. *F.E. Trotter, Inc. v. Watkins*, 869 F.2d 1312, 1314 (9th Cir. 1989) ("[I]f an official is required to exercise his judgment, even if rarely or to a small degree" the official's actions are discretionary in nature) (citation omitted). In addition, prosecutors are "absolutely immune from suits for damages arising from the performance of the traditional functions of an advocate." *Cruz v. Kauai County*, 279 F.3d 1064, 1067 (9th Cir. 2002) (citing *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)); *Heusel v. Multnomah County Dist. Attorney's Office*, 989 P.2d 465, 467 (Or. App. 1999).

The court finds that the undisputed facts show that Crane and McLeod did not violate any of plaintiff's clearly established statutory or constitutional right by initiating and prosecuting the criminal proceeding against him. On March 16, 2004, Crane obtained the witness statements and incident reports from Officer Bowen. One witness who was standing behind plaintiff in line stated that plaintiff was becoming irritated by waiting. He stated that, "Spino was walking around with his head down and playing with his Special

Olympics medal [and] it was obvious . . . that Spino is a mentally challenged person, who wouldn't harm anyone." Declaration of Clint Crane, Ex. 1 at 4 (Crane Decl.). The witness reported that Spino walked by plaintiff's wife and "brushed up against her." *Id.* Plaintiff then turned and pushed Spino "as hard as he could." *Id.* Wilkins confronted plaintiff, who told her that he "pushed [Spino] a little." Other patrons in the store later approached Wilkins and told her that plaintiff was lying and that "he had shoved Spino really hard and that it was uncalled for." *Id.* at 5.

Crane then contacted plaintiff to obtain a statement about the Dairy Queen incident. Plaintiff initially agreed to talk to Crane, but later recanted, saying that his attorney advised him against it. Crane then proceeded to perform additional investigation, including obtaining medical documents regarding Spino's injuries.

On March 22, 2004, plaintiff came to the police station and was cited for assault in the fourth degree. The case was then referred to McLeod for prosecution. McLeod reviewed the police reports and determined that plaintiff had intentionally or recklessly shoved Spino, causing him physical injury in violation of O.R.S. 163.160.

At trial, plaintiff's attorney made no motions to challenge the sufficiency of probable cause. The prosecution witnesses all testified consistent with the information they provided in the police reports. The jury returned a verdict of "not guilty."

Based on the foregoing, the court finds that there is no evidence that either Crane or McLeod filed false police reports, fabricated evidence, or otherwise performed actions that would remove them from qualified immunity protection. Both Crane and McLeod acted within the boundaries of their traditional job duties, exercised their discretionary judgment,

and proceeded on probable cause against plaintiff. Certainly the result of the trial does not vitiate the lawfulness of their conduct. Accordingly, Crane and McLeod are shielded from liability. Plaintiff's Fourth and Fifth Claims for Relief are dismissed.

**2. State Law Claims for Malicious Prosecution and Negligence**

**a. Malicious Prosecution**

To prevail on a common law malicious prosecution claim, the plaintiff must show that the defendant maliciously instituted criminal proceedings against the plaintiff without probable cause, the plaintiff was acquitted of the charges, and the plaintiff was damaged as a result of the prosecution. *Blandino v. Fischel*, 39 P.3d 258, 261 (Or. App. 2002) (citation omitted). Malice is defined as "any primary purpose other than to bring a person to justice." *Ledford v. Gutoski*, 877 P.2d 80, 85 (Or. 1994) (citations omitted). The existence of probable cause is an absolute defense against a claim for malicious prosecution. *Hartley v. State Water Res. Dep't*, 713 P.2d 1060, 1061 (Or. App. 1986) (citation omitted). Probable cause depends on the totality of the circumstances and exists when there is a reasonable ground for belief of guilt and that belief is particularized to a specific person and a specific criminal act. *Maryland v. Pringle*, 540 U.S. 366, 371 (2003); *State v. Chambless*, 824 P.2d 1183, 1185 (Or. App. 1992); *State v. Gale/Rowden*, 805 P.2d 158, 162 (Or. App. 1991).

As applied here, to prevail on his claim, plaintiff must show that the City, Crane, and McLeod lacked a subjective and objectively reasonable belief that plaintiff was guilty of assault in the fourth degree, and that their prosecution of plaintiff was primarily motivated by a purpose to harm him. *See Blandino*, 39 P.3d at 261. Plaintiff must also

show that under the totality of the circumstances, there was no objectively reasonable ground for the City, Crane, and McLeod to believe that plaintiff committed an assault in the fourth degree on Spino at the Dairy Queen on March 12, 2004.

Officer Bowen obtained eyewitness accounts of the Dairy Queen incident. These reports are uncontroverted and corroborate each other. Crane reviewed these reports and attempted to get a statement from plaintiff, who refused. Crane then conducted additional investigation, such as seeking the medical records of Spino's injuries, before citing plaintiff with assault in the fourth degree. The case was handed over to McLeod for prosecution, who, after reviewing the police reports, the eyewitness accounts, and the documents pertaining to Spino's injuries, determined that plaintiff was guilty of assault under O.R.S. 163.160. The court finds that, based on the foregoing, plaintiff has failed to show that the City, Crane, or McLeod is liable for malicious prosecution. Accordingly, plaintiffs First, Second, and Third Claims for Relief are dismissed.

      b.      **Negligence**

To succeed on a claim for common law negligence, the plaintiff must show that the defendant owed a duty to the plaintiff, the defendant breached that duty, and that the breach proximately and actually caused injury to the plaintiff. *See generally*, *Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 83 P.3d 322 (Or. 2004).

As explained above, the court finds that the City, Crane, and McLeod subjectively and objectively believed that plaintiff had committed an assault on Spino, and acted with the primary purpose of bringing plaintiff to justice. There is no evidence that, even if

defendants owed a duty to plaintiff, defendants breached that duty, thereby causing harm to plaintiff. Plaintiff's Sixth Claim for Relief is dismissed.

**CONCLUSION**

Defendants' Motion for Summary Judgment (Doc. #11) is GRANTED. Defendant Bethpage's Motion for Summary Judgment (Doc. #20) is DENIED as moot. This case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated this  2  day of May, 2005.

                                                          /s/Ancer L.Haggerty

                                                          Ancer L. Haggerty
                                                          United States District Judge